UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
CHRISTINA J. RODRIGUEZ,               **COMPLAINT**
                    Plaintiff,        **JURY TRIAL DEMANDED**

        -against-

THE CITY OF NEW YORK,
POLICE OFFICER BRANDON S. LEFCOURT,
POLICE OFFICER KEITH A. MEISNER, and
SARGEANT ALICEA V. VENUS,
                    Defendants.
--------------------------------------------------------X

Plaintiff, by her attorney, Fred Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the Defendants herein, respectfully alleges as follows:

1. This civil rights action stems from the violations of Plaintiff's constitutional rights, including an unlawful, pretextual and retaliatory stop, an unreasonable and invasive search, a false arrest and the use of excessive force due to overly tightened handcuffs by members of the New York Police Department ("NYPD").

2. Plaintiff brings claims under 42 U.S.C. § 1983 for violations of her rights secured under the First, Fourth and Fourteenth Amendments to the United States Constitution as made applicable to the states via the Fourteenth Amendment as well as for violations of NYC Administrative Code § 8-802 authorized against the individual Defendants pursuant to § 8-803(a) and against NYC pursuant to § 8-803(b).

**Jurisdiction and Venue**

3. Jurisdiction is founded upon the existence of a Federal Question as this is an action to redress the deprivation, under color of statute, ordinance, regulation, custom, or usage, of rights, privileges, and immunities secured to Plaintiff by the First, Fourth and Fourteenth

-1-

Amendments to the Constitution of the United States, pursuant to 42 U.S.C. § 1983 and the NYC Administrative Code.

4. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), as the events giving rise to this Complaint occurred in this district.

6. This Court has supplemental jurisdiction over Plaintiff's New York City claims pursuant to 28 U.S.C. § 1367, as such claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Plaintiff's claims brought pursuant to the NYC Administrative Code properly before this Court pursuant for violations of NYC Administrative Code § 8-802 authorized against the individual Defendants pursuant to § 8-803(a) and against NYC pursuant to § 8-803(b).

## PARTIES

8. Plaintiff Christina J. Rodriguez identifies as a female and at all times relevant, she was a resident of the City and State of New York.

9. Defendant City of New York is a Municipal Corporation within New York State.

10. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police (NYPD) as a constituent department or agency.

11. At all times relevant, the City of New York employed the individual Defendants more fully identified below.

12. The Defendant Police Officer Brandon S. Lefcourt, was an agent, servant and employee of the City of New York and at all times relevant was acting within the scope of his employment under color of law and is sued herein in his personal capacity.

13. The Defendant Police Officer Keith A. Meisner, was an agent, servant and employee of the City of New York and at all times relevant was acting within the scope of his employment under color of law and is sued herein in his personal capacity.

14. The Defendant Sergeant Alicea V. Venus, was an agent, servant and employee of the City of New York and at all times relevant was acting within the scope of her employment under color of law and is sued herein in her personal capacity.

15. This action is timely commenced within three years of the happening of the events upon which the Plaintiff's claims arose.

## Statement of Facts

16. Plaintiff is the registered owner of a 2013 Black Honda Sedan, license plate KPK4958.

17. On February 11th, 2025, at approximately 5:00 am, Christina J. Rodriguez was driving to the bus station on Francis Lewis Boulevard in Queens County in order to head to work.

18. After having been stopped at a red light while in the right lane of Francis Lewis Boulevard, Ms. Rodriguez began driving northbound once the light became green.

19. While driving northbound, a NYPD department vehicle merged from the left lane banging into the rear drivers side of Ms. Rodriguez's vehicle causing damage to her car.

20. Ms. Rodriguez immediately pulled over near an Amoco Gas Station and noticed that the NYPD police vehicle failed to stop, and instead, proceeded to drive away.

21. As Ms. Rodriguez stepped out of her vehicle to access the damages, the NYPD vehicle returned while pulling over behind Ms. Rodriguez's Honda Sedan.

22. The Defendant police Officers Brandon S. Lefcourt and Police Officer Keith A. Meisner stepped out of the NYPD vehicle and approached Ms. Rodriguez.

23. Ms. Rodriguez requested an accident report from the Defendants.

24. In retaliation for what the officers knew would get them in serious trouble with the NYPD, for initially having left the scene of an accident while on duty, Police Officer Lefcourt demanded Ms. Rodriguez's driver's license and she complied with the demand.

25. This demand was made of Ms. Rodriguez merely in retaliation for the Plaintiff having asked the Defendants, in sum and substance, to document their wrongful behavior, and to find a way to divert attention from the Defendants' illegal conduct in leaving the scene after they had collided with her car, an offense for which officers can be terminated from the NYPD.

26. Police Officer Lefcourt proceeded to run Ms. Rodriguez's license and called Defendant Sergeant Alicea V. Venus who arrived on the scene shortly after.

27. Ms. Rodriguez was told that there was a warrant out for a "Christina C. Rodriguez" in regard to an A misdemeanor for Criminal Possession of a Controlled Substance in the 7th Degree.

28. Ms. Rodriguez explained that her middle name begins with a "J" as referenced on her driver's license and did not begin with a "C".

29. The Plaintiff's license plate, which was on full display to the Defendants, uses her full name, "Christina Jessica Rodriguez."

30. Despite showing the Defendants that she was a different person, than Christina C. Rodriguez the Defendants proceeded to arrest the Plaintiff and place her in handcuffs and search her.

31. Sargent Venus tightened the handcuffs after they were already placed on the Plaintiff and put the cuffs around the bone of her wrist.

32. As this was done the Plaintiff complained the handcuffs were hurting her and Sargeant Venus then moved the handcuffs off her bone but then tightened them even more, causing the Plaintiff to be in even greater pain which she did complain about.

33. Plaintiff was taken to the 116th precinct where she was placed into a holding cell, at which time, the handcuffs were finally removed.

34. Plaintiff asked officers to fingerprint her, to prove she was not the person with the warrant but they denied her request.

35. Plaintiff was not provided any food while in police custody.

36. Plaintiff was taken to central booking at approximately 11am, at which time she was placed back in handcuffs exacerbating her wrist pain.

37. The Plaintiff was taken to the Queens County Arraignment Court and provided a legal aid attorney.

38. The Plaintiff appeared before a judge around 2:30 pm on February 11, 2025 at which time the legal aid attorney informed the presiding Judge that the Police Officers arrested the wrong individual.

39. The presiding Judge was provided with a photo of Christina C Rodriguez, the individual with the A misdemeanor warrant and concluded that Christina J Rodriguez was not the individual depicted in the photo.

40. The presiding Judge proceeded to dismiss and seal the charges against Christina J Rodriguez and the Plaintiff was released.

41. On February 12th, 2025, Plaintiff went to her doctor's office as she was experiencing pain in her wrists due to the handcuffs, pain which persists to the present time.

42. The Plaintiff knows that the Defendant officers can get in serious trouble on the job for leaving the scene of the accident they caused, and to this day, she is extremely scared and lives in terror of the Defendants retaliating against her as she lives near the precinct in which they are stationed.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF,
FALSE ARREST PURSUANT TO 42 U.S.C. § 1983
AS WELL AS PURSUANT TO THE NYC ADMINISTRATIVE CODE § 8-802
AGAINST THE DEFENDANTS INDIVIDUAL OFFICERS**

43. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

44. Defendants, subjected the Plaintiff to a false arrest without probable cause to believe she had committed a crime, in that 1) the Defendants intended to confine the Plaintiff, (2) the Plaintiff was conscious of the confinement, (3) the Plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.

45. As a result of the Defendant individual officers' actions Plaintiff was denied her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution as well as pursuant to NYC Administrative Code § 8-802.

46. Defendants' actions resulted in the Plaintiff being arrested, handcuffed, searched, being forced to appear in court, caused her to fear going to jail, she missed work, and Defendants' actions resulted in various emotional and pecuniary damages to the Plaintiff.

47. By reason of the aforesaid, the Plaintiff has been damaged and is entitled to compensatory

damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, an award of punitive damages against the Defendant individual officers and an award of costs and attorneys' fees is appropriate pursuant to 42 U.S.C. §1988 as well as pursuant to NYC Adm Code § 8-805(2).

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, EXCESSIVE FORCE VIA THE USE OF OVERLY TIGHTENED HANDCUFFS PURSUANT TO 42 U.S.C. § 1983 AS WELL AS PURSUANT TO THE NYC ADMINISTRATIVE CODE § 8-802 AGAINST THE DEFENDANT INDIVIDUALS**

48. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

49. Plaintiff was subjected to excessive force via being subjected to excessively tightened handcuffs which the Defendant individual officers refused to loosen in deprivation of her Fourth and Fourteenth Amendment rights.

50. As a result of the Defendant individual officers' actions Plaintiff was denied her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution as well as pursuant to NYC Administrative Code § 8-802.

51. Defendants' actions resulted resulted in various physical, emotional, and pecuniary damages to the Plaintiff.

52. Plaintiff had to seek medical treatment for her injured wrists and she was otherwise harmed.

53. By reason of the aforesaid, the Plaintiff has been damaged and is entitled to compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, an award of punitive damages against the Defendant individual officers and an award of costs and attorneys' fees is appropriate pursuant to 42 U.S.C. §1988 as well as pursuant to NYC

Adm Code § 8-805(2).

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF PURSUANT TO THE NYC ADMINISTRATIVE CODE § 8-803(b) AGAINST THE DEFENDANT THE CITY OF NEW YORK FOR FALSE ARREST AND EXCESSIVE FORCE

54. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

55. Defendant NYC, subjected the Plaintiff to a false arrest without probable cause to believe she had committed a crime, in that 1) the Defendant's employees intended to confine the Plaintiff, (2) the Plaintiff was conscious of the confinement, (3) the Plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.

56. Plaintiff was subjected to excessive force via being subjected to excessively tightened handcuffs by the Defendant NYC's employees who refused to loosen said handcuffs in deprivation of Plaintiff's rights pursuant to the Administrative Code § 8-802 for which the Defendant NYC is liable pursuant to the Administrative Code § 8-803(b).

57. Defendant's actions resulted in the Plaintiff being arrested, handcuffed, searched, being forced to appear in court, she was caused to fear going to jail, Defendant's employees' actions resulted in various physical, emotional and pecuniary damages to the Plaintiff as she missed work, she had to seek medical treatment for her injured wrists, and she was otherwise harmed.

58. By reason of the aforesaid, the Plaintiff has been damaged and is entitled to compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, and an award of costs and attorneys' fees is appropriate pursuant to NYC Adm Code § 8-805(2).

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF PURSUANT TO 42 U.S.C. § 1983 AND THE FIRST AMENDMENT via RETALIATION AGAINST THE DEFENDANTS POLICE OFFICER BRANDON S. LEFCOURT AND POLICE OFFICER KEITH A. MEISNER

59. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

60. Defendants police officers Brandon S. Lefcourt, and Keith A. Meisner violated the Plaintiff's First Amendment rights by arresting her when she complained about a matter of public concern, i.e., the Defendants breaking the law by leaving the scene of an accident after the Defendants struck Plaintiff's car, and the Plaintiff was then unlawfully arrested, without probable cause, to divert attention from the Defendants' unlawful act.

61. Defendants' actions resulted in Plaintiff suffering from the fear of going to jail, she was forced to appear in court, she suffered emotional harms, she missed work, she had to seek medical treatment for her injured wrists and she was otherwise harmed.

62. By reason of the aforesaid, the Plaintiff has been damaged and is entitled to compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, an award of punitive damages against the Defendants and an award of costs and attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

63. **WHEREFORE,** Plaintiff demands judgment against the Defendants and each of them, as follows:

1. Declaratory relief finding that Plaintiff's rights under the United States Constitution and the NYC Administrative Code were violated;

2. Compensatory Damages against Defendants, jointly and severally, for the damages Plaintiff

sustained as a result of Defendants' unlawful actions;

3. Punitive Damages against the individual Defendants for their intentional, reckless, and wanton conduct, in an amount sufficient to punish and deter such conduct in the future;

4. Reasonable Attorneys' Fees and Costs of this action pursuant to 42 U.S.C. § 1988 as well as pursuant to New York City Administrative Code § 8-805(2);

5. Prejudgment and Post-judgment Interest on all damages awarded, as allowed by law;

6. Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 30, 2025

          /s/
Fred Lichtmacher
The Law of Fred Lichtmacher PC
159 W 25th Street Room 510
New York, NY 10001
(212) 922-9066
empirestatt@aol.com

To: The City of New York
100 Church Street
New York, NY 10007

Police Officer Brandon S. Lefcourt,
The 116th Precinct
244-04 North Conduit Avenue
Queens, NY 11422

Police Officer Keith A. Meisner, and
The 116th Precinct
244-04 North Conduit Avenue
Queens, NY 11422

Sargeant Alicea V. Venus
The 116th Precinct

244-04 North Conduit Avenue
Queens, NY 11422